[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE 14 JUNE 1994 DATE OF APPLICATION 14 JUNE 1994 DATE APPLICATION FILED 14 JUNE 1994 DATE OF DECISION 24 JANUARY 1995 CT Page 2311
Application for review of sentence imposed by the Superior Court, Judicial District of New London at New London. Docket Numbers CR21-55935; CR21-55936; CR21-55937.
BRUCE A. STURMAN, ESQ. FOR THE PETITIONER.
JOHN P. GRAVALEC-PANNONE, ESQ. FOR THE STATE OF CONNECTICUT.
BY THE DIVISION
The petitioner was convicted after a trial by jury of five counts of Sexual Assault 1st Degree in violation of Conn. Gen. Stat. § 53a-70(a)(1); five counts of Risk of Injury to a Minor in violation of Conn. Gen. Stat. § 53-21; one count of Unlawful Restraint 1st Degree in violation of Conn. Gen. Stat. § 53a-95(a); one count of Sexual Assault 3rd Degree in violation of Conn. Gen. Stat. § 53a-72a(1)(A); and two counts of Threatening in violation of Conn. Gen. Stat. 53a-62(a)(1). The trial court imposed a sentence of ninety years execution suspended after forty-five years with five years probation.
The record shows that the petitioner was convicted for sexually assaulting his fourteen year old niece, and his fifteen and sixteen year old daughters. The records indicated the petitioner used force, threats and intimidation to satisfy his depraved sexual urges. As a result of these sexual assaults, the children have sought psychiatric care, with one of the children attempting to commit suicide.
At the hearing the petitioner's counsel argued that the petitioner had a minor criminal history and that the court's sentence was excessive and should be reduced. Counsel felt that the trial judge gave too much emphasis to the petitioner's lack of admission of his criminal conduct. Counsel felt the court did not recognize that indeed the petitioner did acknowledge his criminal acts and that his sentence should be reduced. CT Page 2312
The state emphasized that the petitioner was convicted of fourteen different counts of the most serious and heinous crimes in our society. Counsel pointed out that the victims have suffered irreparable harm. Counsel for the state argued that the sentence imposed was clearly appropriate for the number and type of offenses committed by the petitioner. He felt the sentence was necessary to protect the victims and public alike.
In reviewing the remarks of the trial court, we find that the court weighed into the sentence the fact that the petitioner at the time of his interview for the pre-sentence report admitted his involvement in the crimes for which he was convicted. The court's initial thoughts were to give the petitioner the maximum sentence allowed by law but then gave a sentence that was considerably less. The trial court focused in on the fact that the petitioner falsely testified during the trial and that he forced his children to relive the horrible crimes when they had to testify and speak about the unspeakable. When imposing the sentence, the court felt that the petitioner was not a promising candidate for rehabilitation and that he was likely to commit similar crimes in the future.
In assessing the sentence imposed by the trial court in accordance with the requirements of P.B. 942, the Division finds the sentence imposed neither disproportionate nor unfair considering the nature and type of crimes committed by the petitioner.
SENTENCE AFFIRMED
Norko, (J.), Stanley, (J.), Klaczak, (J.), participated in this decision.